UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAYNE HILL,<br><br>  Petitioner,<br><br>  v.<br><br>ANTHONY P. KANE, warden,<br><br>  Respondent. | No. C 05-4572 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Darryl Wayne Hill, an inmate at the Correctional Training Facility in Soledad, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for review.

## BACKGROUND

Hill reports in his petition that he was convicted in the Alameda County Superior Court of first degree burglary and receiving stolen property. He also alleges that sentence enhancement allegations were found true. On February 15, 2002, he was sentenced to a term of 40 years to life in prison. He appealed. The California Court of Appeal affirmed his conviction. Hill did not petition for review in the California Supreme Court. He did, however, file unsuccessful state habeas petitions, including one in the California Supreme Court. Hill then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims. First, Hill contends that his right to due process was violated because law enforcement officers acting in bad faith failed to collect and preserve exculpatory evidence, viz., a piece of partially consumed cheese. Second, Hill contends that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to a fair jury trial and due process by giving the prosecutor's requested special instruction on the collection of evidence. Third, Hill contends that his Fifth and Fourteenth Amendment rights were violated when the state court (a) allowed the prosecutor to comment on his failure to testify, see Griffin v. California, 380 U.S. 609, 615 (1965), vouch for the state's witnesses, and comment on the defense evidence, and (b) incorrectly instructed the jury regarding a lack of statements from defendant when confronted with accusatory statements. Fourth, Hill contends that he received ineffective assistance from his trial and appellate counsel. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response from respondent.

In his petition, Hill also urges that the California Court of Appeal on direct appeal and the state courts in their consideration of his state petitions for writ of habeas corpus violated his constitutional rights by ruling against him. This court can consider a habeas claim for a constitutional violation that occurs during the first appeal as of right in state court, such as a claim of excessive delay in an appeal, see Coe v. Thurman 922 F.2d 528, 530-31 (9th Cir. 1990), but

Hill's claim of appellate error in Claim 2 adds little to the underlying claim that there was an instructional error at the trial. The appellate error claim's fate is identical or at least very closely tied to the success or failure of the underlying instructional error claim. Hill's contention in Claim 3, see Petition, p. 6, that the state courts' denial of his habeas petitions violated his right to due process is not cognizable in a federal habeas action. An error in the state habeas proceedings cannot be the basis for federal habeas relief. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989).

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 17, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **March 17, 2006**.

5. The in forma pauperis application is DENIED as moot because petitioner has paid the filing fee. (Docket # 2.)

IT IS SO ORDERED.

DATED: December 8, 2005

　　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　　United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAYNE HILL, | No. C 05-4572 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY P. KANE, warden, | |
| Respondent. | |

## INTRODUCTION

Darryl Wayne Hill, an inmate at the Correctional Training Facility in Soledad, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for review.

## BACKGROUND

Hill reports in his petition that he was convicted in the Alameda County Superior Court of first degree burglary and receiving stolen property. He also alleges that sentence enhancement allegations were found true. On February 15, 2002, he was sentenced to a term of 40 years to life in prison. He appealed. The California Court of Appeal affirmed his conviction. Hill did not petition for review in the California Supreme Court. He did, however, file unsuccessful state habeas petitions, including one in the California Supreme Court. Hill then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims. First, Hill contends that his right to due process was violated because law enforcement officers acting in bad faith failed to collect and preserve exculpatory evidence, viz., a piece of partially consumed cheese. Second, Hill contends that the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to a fair jury trial and due process by giving the prosecutor's requested special instruction on the collection of evidence. Third, Hill contends that his Fifth and Fourteenth Amendment rights were violated when the state court (a) allowed the prosecutor to comment on his failure to testify, see Griffin v. California, 380 U.S. 609, 615 (1965), vouch for the state's witnesses, and comment on the defense evidence, and (b) incorrectly instructed the jury regarding a lack of statements from defendant when confronted with accusatory statements. Fourth, Hill contends that he received ineffective assistance from his trial and appellate counsel. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response from respondent.

In his petition, Hill also urges that the California Court of Appeal on direct appeal and the state courts in their consideration of his state petitions for writ of habeas corpus violated his constitutional rights by ruling against him. This court can consider a habeas claim for a constitutional violation that occurs during the first appeal as of right in state court, such as a claim of excessive delay in an appeal, see Coe v. Thurman 922 F.2d 528, 530-31 (9th Cir. 1990), but

Hill's claim of appellate error in Claim 2 adds little to the underlying claim that there was an instructional error at the trial. The appellate error claim's fate is identical or at least very closely tied to the success or failure of the underlying instructional error claim. Hill's contention in Claim 3, see Petition, p. 6, that the state courts' denial of his habeas petitions violated his right to due process is not cognizable in a federal habeas action. An error in the state habeas proceedings cannot be the basis for federal habeas relief. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), cert. denied, 526 U.S. 1123 (1999); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989).

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 17, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **March 17, 2006**.

5. The in forma pauperis application is DENIED as moot because petitioner has paid the filing fee. (Docket # 2.)

IT IS SO ORDERED.

DATED: December 8, 2005

_____
SUSAN ILLSTON
United States District Judge

3